**1310**

In the Matter of CERTIFIED QUESTION FROM the UNITED STATES DISTRICT COURT, DISTRICT OF WYOMING.

James David HANCHEY

v.

Sue F. STEIGHNER et al.

No. 4677.

Supreme Court of Wyoming.

May 26, 1976.

## ORDER DECLINING TO ANSWER CERTIFIED QUESTION

GUTHRIE, Chief Justice.

The United States District Court for the District of Wyoming, having pursuant to §§ 1–193.3 through 1–193.4, W.S.1957, 1975 Cum.Supp., certified to this court a question as follows:

"Whether the Wyoming Guest Statute, Wyo.State. § 31–233, violates the equal protection guarantees and provisions of the Wyoming and United States Constitutions?

"This Court certifies that this question of law will be determinative of the captioned case presently pending in this Court, and that it appears to this Court that there is no controlling precedent on this precise issue in the existing decisions of the Wyoming Supreme Court.

"This litigation is grounded upon injuries sustained by the Plaintiff, James David Hanchey, when the vehicle he was occupying was involved in a single car accident in Natrona County, on August 9, 1974.

"At the time of the occurrence, the Plaintiff was occupying the right front seat of a Model 510, 1972 Datsun four-door sedan which was owned and being driven by the Defendant, Sue F. Steighner. As that vehicle, northbound on U.S. Highway 87, neared the Tea Pot Creek Bridge, the Defendant lost control of her vehicle, and it struck the bridge. In that impact, the Plaintiff sustained injury."

and we find and conclude that:

1. The federal case is now merely in the pleading stage, there having been filed only a second amended complaint and an answer to second amended complaint.

2. The only facts certified are that the defendant, while driving her car, ran into a bridge, injuring plaintiff, a passenger.

3. Rule 52(c), W.R.C.P., provides as follows:

"(c) *Reserved Questions.* In all cases in which a district court reserves an important and difficult constitutional question arising in an action or proceeding pending before it, the district court, before sending the question to the supreme court for decision, shall (1) dispose of all necessary and controlling questions of fact and make special findings of fact thereon, and (2) state its conclusions of law on all points of common law and of construction, interpretation and meaning of statutes and of all instruments necessary for a complete decision of the case. No constitutional question shall be deemed to arise in an action unless, after all necessary special findings of fact and conclusions of law have been made by the district court, a decision on the constitutional question is necessary to the rendition of final judgment. The question reserved shall be specific, and shall identify the constitutional provision to be interpreted. The special findings of fact and conclusions of law required by this subdivision of this rule shall be deemed to be a final order from which either party may appeal, and such appeal may be considered by the supreme court simultaneously with the reserved question."

4. This court has consistently held that it will not consider a reserved constitutional question until there is nothing left for the trial court to do but apply our answer to the question or questions and enter judgment consistent with the answer or answers. *Rosachi, et al. v. State of Wyoming,* Wyo., 549 P.2d 318, and the authority and cases there cited.

5. Sections 1–191 through 1–193, W.S.1957, pertaining to reserved constitutional questions, along with Rule 52(c), W.R.C.P., must be read in pari materia with §§ 1–193.1 through 1–193.4, W.S.1957, 1975 Cum.Supp., pertaining to certified questions.

6. It is not mandatory that this court answer certified questions.

7. It does not clearly appear that even if the question were answered, how the answer would be determinative of the cause pending in the federal court.

8. See also somewhat analogous situations in which the Supreme Court of the United States refrained from answering certified questions because of a lack of complete factual background and circuit court disposition. *National Labor Relations Board v. White Swan Co.,* 1941, 313 U.S. 23, 61 S.Ct. 751, 85 L.Ed. 1165; *Atlas Life Insurance Co. v. W. I. Southern, Inc.,* 1939, 306 U.S. 563, 59 S.Ct. 657, 83 L.Ed. 987.

9. The certified question is premature.

IT IS THEREFORE ORDERED That this matter be, and is hereby remanded to the United States District Court, District of Wyoming, with the certified question unanswered.