# GRANT CREEK WATER WORKS, LTD., Jack L. Green, II, the Tax Matters Partner, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 88-463.

Nov. 15, 1989.

775 P.2d 684.

Thomas F. Topel, Dorsey & Whitney, Billings, for Grant Creek Water Works, Ltd., Jack L. Green, Tax Matters Partner.

Gary R. Allen, Chief, Appellate Section, Tax Div., U.S. Dept. of Justice, Washington, D.C..

Thomas F. Ritter, Dist. Counsel, I.R.S., Helena, for C.I.R.

ORDER

The United States Tax Court proposes to certify to us the following question:
"May Montana county commissioners transfer the ownership of utility facilities created by a special improvement district in accordance with Montana Code Annotated ("M.C.A.") §§ 7-12-1101, et seq. (1987) to a regulated utility by complying solely with the terms of M.C.A. § 7-12-2127 (1987), or must the county commissioners also comply with M.C.A. §§ 7-8-2211 through 7-8-2214 (1987)?"
After a review of the opinion of the tax court and the briefs of the Commissioner of Internal Revenue and Grant Creek Water Works, Ltd., we decline to answer the proposed question for the reasons set forth below.

Petitioner Grant Creek Water Works, Ltd., allegedly owns a water and sewer system located in Missoula County, Montana, Grant Creek purchased the utility in December, 1983, from R. Montana, Inc., which had purchased the system from Western Montana Land Co. on the same day. Western had acquired the system in November, 1983, pursuant to an agreement with the Missoula County Commissioners.

After Grant Creek purchased the water system, it entered into a lease agreement with Western. Western agreed to lease the system until December 31, 2007, paying — in addition to lease payments — all taxes, insurance, repairs, maintenance and other expenses related to the water system.

Grant Creek claimed depreciation and investment tax credits for the water system on its 1983 partnership income tax return. The Commissioner of Internal Revenue audited the return, making adjustments to Grant Creek's taxes. The Commissioner based the adjustments primarily on his determination that the sale and leaseback was a sham structured to tax avoidance. He gave alternate reasons for some of the adjustments in the event that sale and lease back was found to be recognizable to tax purposes.

Grant Creek contested the adjustments and filed a petition with the United States Tax Court on July 2, 1987. The Commissioner filed an answer and a motion for summary judgment premised on the claim that Missoula County's transfer of the water system was

illegal under Montana law. The Tax Court denied the Commissioner's motion for summary judgment in the same opinion in which it granted Grant Creek's motion to certify the above question to this Court.

Under Rule 44(a), M.R.App.P., it is within the discretion of the Montana Supreme Court to accept or decline a question certified to it by a United States Court. Pursuant to our discretionary authority, we decline to answer the question presented by the United States Tax Court.

Our refusal to answer the certified question is based upon the fact that the issue presented will not control the outcome of tax court litigation. The issue before the tax court is whether Grant Creek Water Works has acquired a depreciable interest in certain utility facilities. This interest depends on whether Grant Creek has received the benefits and burdens equated with ownership of the utility, not on whether Grant Creek has obtained legal title to the utility facilities. In denying the Commissioner's motion for summary judgment, the tax court judge himself observed that, even if it were determined that Missoula County had to legally transferred ownership and control of the utility facilities, "it would not establish that Grant Creek had not acquired a depreciable interest in the water system." *Grant Creek Water Works, Ltd. v. Commissioner of Internal Revenue* (Aug. 22, 1988), 91 T.C. No.25 at 7.

It appears that the tax court litigation may be settled solely on questions of federal law. The Commissioner points out that, in grant Grant Creek's motion to certify the state law question, the tax court judge noted that certification would dispose of "major issue between the parties" and "narrow and focus the remaining issue to be tried by the parties." *Grant Creek* at 12. The Commissioner argues that these statements make it clear that the issue of whether the transfer of the water works facility was valid under Montana law is not dispositive of the ultimate issue before the tax court, i.e., whether Grant Creek is entitled to deprecation and investment tax credits. We find the Commissioner's argument persuasive.

We also agree with the Commissioner that the question certified to this Court is not a "controlling question of the Montana law as to which there is substantial ground for difference of opinion" as required by Rule 44(a), M.R.App.P. A simple disagreement among the parties as to the correct interpretation of state statutes does not constitute grounds for certification. We feel confident that the tax

court, by applying well-settled principles of statutory construction, is competent to resolve the issues of Montana law before it.

For the reasons set out above, IT IS ORDERED:

The question certified to us by the United State Tax Court is DECLINED.

/s/John Conway Harrison
/s/Fred J. Weber
/s/John C. Sheehy
/s/William E. Hunt, Sr.
/s/R.C. McDonough, Justices

MR. CHIEF JUSTICE TURNAGE and MR. JUSTICE GULBRANDSON would accept the certified question.