Submitted on the record January 9, certification denied May 14, 1991

WESTERN HELICOPTER SERVICES, INC.,
and Edwina Marie Cruse,
as Personal Representative of the Estate of
Russell Leroy Cruse, Deceased,
*Plaintiffs,*

*v.*

ROGERSON AIRCRAFT CORPORATION,
Rogerson-Hiller Corporation,
Omneco, Inc., Embee EP Plating,
Arden Engineering and Burbank Steel Treating, Inc.,
*Defendants.*

(USDC Civil 87-1435-FR; SC S37702)

811 P2d 627

Lloyd B. Ericsson, Portland, attorney for plaintiffs.

James L. Hiller, Portland, attorney for defendants Rogerson Aircraft Corporation and Rogerson-Hiller Corporation.

Jonathan David Allred, Portland, attorney for Omneco, Inc.

John P. Ashworth, Portland, attorney for defendant Embee EP Plating.

Thomas M. Christ, Portland, attorney for Arden Engineering.

Richard M. Layne, Portland, attorney for Burbank Steel Treating, Inc.

Before Peterson, Chief Justice, and Carson, Gillette, Fadeley, Unis, and Graber, Justices.

GILLETTE, J.

## GILLETTE, J.

We are asked in this civil action to accept certification of two questions of law propounded by the United States District Court for the District of Oregon pursuant to ORS 28.200, which provides:

"The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a United States District Court or the highest appellate court or the intermediate appellate court of any other state, when requested by the certifying court if there are involved in any proceedings before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court and the intermediate appellate courts of this state."

For the reasons set out in Part II of this opinion, we decline to accept certification in this case.

### I.

Although we have accepted and decided several cases involving certified questions since the enactment of Oregon's certification law, ORS 28.200 to 28.255, in 1983, we have not heretofore discussed the considerations that we use in deciding whether to accept certification.[1] Our statute is taken from the Uniform Certified Questions of Law Act, which by 1990 had been adopted by statute or court rule (with some variations) in 29 jurisdictions. 12 Uniform Laws Annotated 49 (1975) and 18 (1990 supplement) (hereafter cited as "ULA"). ORS 28.250 directs that Oregon's certification law "shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it."[2]

---

[1] We have decided at least two cases certified by the United States Court of Appeals for the Ninth Circuit and six cases certified by the United States District Court for the District of Oregon; we have not received a certified question from an appellate court in a sister state.

[2] Because our statute is based on a uniform law there exist useful commentary on the Uniform Act, instructive case law from other uniform-law jurisdictions, and informative academic treatment of the subject. *See, e.g.,* 12 Uniform Laws Annotated 49 (1975) and 18 (1990 supplement); 17A Wright, Miller & Cooper, Federal Practice and Procedure § 4248 (1988 and 1990 Supp) (generally) and n 1 (listing articles).

In this case, we decline, for the first time, to accept a question certified to us under the Act. We shall explain, first in general terms and then in terms applicable to the present case, the considerations that lead us to this denial. Our starting point is the statutory text.

*A. Criteria for Certified Questions Under the Statute*

ORS 28.200 provides that the decision whether to accept certification is committed to our discretion: "The Supreme Court *may* answer questions of law certified to it * * *." (Emphasis supplied.) *See also* 12 ULA 52, Commissioners' Comment to § 1 ("[T]he highest court of the state has the right to answer questions certified to it; [answering the questions certified] is not mandatory"). Before our discretion is called into play, however, the certified question must meet five criteria created by the statute: (1) The certification must come from a designated court; (2) the question must be one of law; (3) the applicable law must be Oregon law; (4) the question must be one that "may be determinative of the cause;" and (5) it must appear to the certifying court that there is no controlling precedent in the decisions of this court or the Oregon Court of Appeals. We address each of these criteria in turn.

1. Designating court

The first requirement is self-explanatory. The certifying court must be one of those listed in the statute. We note, by way of illustration, that the list does not include United States Magistrates or Referees in Bankruptcy. It follows that any certification from a federal court must be from a court described in Article III of the United States Constitution.

2. Question must be one of law

The second requirement, *viz.*, that the question certified be one of law, requires that the question be framed in a way that is susceptible of adjudication by way of a pronouncement as to what the law is. If particular facts are pertinent to resolution of the question, those facts must be discernible from the materials provided by the certifying court. ORS 28.210.[3] Certification, therefore, is not appropriate if disputed facts make questions of law unclear. 17A Wright, Miller

---

[3] ORS 28.210 provides:

"A certification order shall set forth:

& Cooper, Federal Practice and Procedure § 4248 at 174 and n 52 (1988 & 1990 Supp)(hereafter "Wright & Miller").

### 3. Law at issue must be Oregon law

The third requirement, closely related to the second, is that the legal question propounded concern Oregon law, rather than the law of some other jurisdiction. *See Equitable Life Assurance v. McKay,* 306 Or 493, 760 P2d 871 (1988) (answering a certified question concerning whether, under Oregon law, a particular legal rule from another jurisdiction would be treated as "procedural" or "substantive").

### 4. Question may "be determinative of the cause"

■　The fourth requirement, *viz.,* that the question must be one whose answer may determine the cause, means that our decision must, in one or more of the forms it could take, have the potential to determine at least one claim in the case. That interpretation accords both with the text of the statute and with the majority rule. *E.g.,* Wright & Miller § 4248 at 169-71 and nn 42, 43; *White v. Edgar,* 320 A2d 668, 677 (Maine 1974) (illustrating majority view).[4]

### 5. No controlling Oregon precedent

■■　The fifth requirement is that it must appear to the certifying court that there is no controlling precedent from either this court or the Oregon Court of Appeals. Controlling precedent from either court is sufficient. A certifying court is not to distinguish between decisions of this court, on the one hand, and those of the Court of Appeals, on the other, so long as the latter are not called into question by other decisions of this court. Certification is not a vehicle in Oregon for obtaining a Supreme Court decision on a question of law that already has been decided by the Court of Appeals.

---

"(1) The questions of law to be answered; and

"(2) A statement of all facts relevant to the questions certified and showing fully the nature of the controversy in which the questions arose."

[4] We reject the extraordinary interpretation given to a similar statute by the Wyoming Supreme Court, which requires that its decision -- whatever its form -- *must* be determinative of the claim, *i.e.,* that all that can be left for the certifying court to do is to enter judgment pursuant to the answer to the certified question. *Matter of Certified Question From U.S. Dist. Ct., Etc.,* 549 P2d 1310 (Wyo 1976).

The first four requirements can be determined objectively by the certifying court prior to certification. The fifth question, on the other hand, is subjective. It directs the certifying court to satisfy itself that it is not certifying questions of law already controlled by existing Oregon appellate precedent. Presumably, no court would certify a question unless it were so satisfied. Thus, as to this fifth criterion, there really is nothing for us to review — the act of certification itself establishes that the certifying court had the requisite state of mind. (We shall later discuss what we would do were we to disagree with the certifying court, but that is a question of how we shall exercise our discretion, not of whether the statutory criteria have been met.)

■ Where one or more of the five statutory criteria is absent, our inquiry will be at an end. We shall deny certification in such cases.

■ Assuming, however, that the five statutory prerequisites to accepting certification are present, the question then becomes: Should this court, in the exercise of its discretion, accept certification? We turn to an examination of the factors that we will consider in making that decision.

*B. Criteria for Exercising Discretion to Accept Certification*

1. There is controlling Oregon precedent

■ As our discussion of the fifth statutory criterion suggested, one of the most important factors — perhaps the most important one — in deciding whether we will accept certification will be our independent assessment of whether, in spite of the contrary opinion of the certifying court, there already is controlling Oregon precedent for the question certified. If we determine that there is such precedent, that factor will argue heavily against accepting certification. The existence of controlling precedent will not be dispositive, however. Instead, we shall apply the following additional criteria in making our determination:

■ (a) Where the controlling precedent is an opinion of this court, that normally will end our inquiry. Although we always shall be willing to reconsider settled precedent of this court if circumstances warrant, we ordinarily shall not reconsider such precedent in a certified case. *See Heino v. Harper,*

306 Or 347, 368-74, 759 P2d 253 (1988) (discussing criteria for changing prior common law decisions of this court).

■ (b) Where the controlling precedent is an opinion of the Court of Appeals, we shall review the request for certification in much the same way we would review a petition for review of the Court of Appeals decision. In those cases in which this court probably would allow review of the Court of Appeals decision, we likewise will accept certification. We previously have explained, both in our appellate rules, ORAP 9.05,[5] and in our decisional law, *1000 Friends of Oregon v. Bd. of Co. Comm.*, 284 Or 41, 44-45, 584 P2d 1371 (1978), that certain considerations will guide our decision to allow a petition for review from a decision of the Court of Appeals. In those cases in which we ordinarily would not allow review, however, we probably will not accept certification.

## 2. *Pullman* cases

A principal reason for state certification statutes was the difficulty associated with so-called *"Pullman"* abstention cases in the federal courts. Wright & Miller, § 4248 at 157-65. In *Railroad Comm'n v. Pullman Co.*, 312 US 496, 61 S Ct 643, 85 L Ed 971 (1941), the Supreme Court of the United States held that the federal courts should abstain from deciding a case where an unsettled question of state law may be dispositive of a claim that state action violated the federal constitution, because the answer to the state law question may obviate the need to decide the federal constitutional question. In such cases, the parties typically were ordered by

---

[5] ORAP 9.05, which governs the form of petitions for review of decisions of the Court of Appeals, states:

"(4) * * * A petitioner may claim that one or more of the following factors gives the issue presented importance beyond the particular case:

"(a) the interpretation of a statute not previously construed by the Supreme Court and which affects large numbers of persons or governs transactions of public importance;

"(b) the constitutionality of a statute or the legality of an important governmental action which will have irreversible consequences;

"(c) the use and effect of a rule of trial court procedure;

"(d) the jurisdiction of the Court of Appeals over the case; or

"(e) a departure by the Court of Appeals from a prior decision of the Supreme Court or of the Court of Appeals."

(Footnote omitted.)

the federal court to file a declaratory judgment action in the state trial court in order to resolve the unsettled state law question, and the federal action was held in abeyance pending final resolution of the state court action. Wright & Miller § 4242 at 32.

Compared with the potentially long wait involved in *Pullman*-type abstention situations, certification between jurisdictions, apparently first utilized by the Supreme Court of the United States in *Clay v. Sun Insurance Office,* 363 US 207, 80 S Ct 1222, 4 L Ed 2d 1170 (1960),[6] provides a relatively expeditious and efficient means to handle the state law issues. Certification as a generic process, however, has grown beyond its roots to include certification of ordinary state law questions in federal court cases between private parties and certification from state appellate courts in cases where the law of another state may govern. Wright & Miller § 4248 at 157-58. The Oregon certification statutes do not discriminate among the range of potential kinds of certification cases, but the differences can be pertinent to our exercise of discretion.

■ Acceptance of certification in *Pullman*-type abstention cases is important to the smooth functioning of the federal judicial system, because the alternative to certification is federal court abstention and the attendant delay until resolution of the derivative state court declaratory judgment action (including trial, the right to a direct appeal, and the right to seek discretionary review after the direct appeal). Except in unusual circumstances (examples of which do not readily come to mind), we normally will accept certification in *Pullman*-type abstention cases.

3. Comity

By contrast, acceptance of certification in other cases, where abstention would not be the likely alternative, would do little to facilitate the functioning of the federal system. Rather, certification would simply give the parties

---

[6] Although certified questions have long been available as a procedural device *within* jurisdictions, Florida was the first state to provide for certification *between* jurisdictions. That device was seized on by the Supreme Court in *Clay v. Sun Insurance Office,* 363 US 207 80 S Ct 1222, 4 L Ed 2d 1170 (1960), a case emanating from Florida, and later was enshrined in the Uniform Act, which is patterned on Florida law. 12 ULA at 49-50 and nn 1, 2; Wright & Miller § 4248 at 160-62.

and the certifying court a definitive answer to a question of Oregon law that the certifying court itself has the authority to decide. There is no lack of reported cases from federal trial courts, federal appellate courts, and non-Oregon state appellate courts deciding issues of Oregon law. Certification is an option in those cases, but it hardly is a procedural necessity.

 Although certification is not a procedural necessity in most cases, the certifying court nonetheless has made the unusual decision to seek certification and thereby bypass its own decision-making authority. Our respect for the discretionary judgment of our fellow courts and our commitment to participating as a member of a federal system of decisional law, sometimes referred to as "comity," are both factors favoring acceptance of certification. Because of considerations of comity, to which may be added the fact that there is no present Oregon decision on the point, the considerations that inform our decision whether to allow a petition for review will be of somewhat less significance in the certification context. We may, on occasion, accept certification of questions that, were they tendered to us in a traditional petition for review, we would decline to address. Of course, the presence of one or more of the traditional considerations justifying review in the questions propounded on certification will make acceptance even more likely.

4. Importance of question

 Another factor that goes into our discretionary calculation is the decisional effect of our answer. The answer to a certified question must be in a written opinion, ORS 28.230, and has the same force and effect as any other decision of this court. *See* Wright & Miller § 4248 at 179; *In re Richards,* 223 A2d 827, 832 (Me 1966) (stating rule). As to the parties to the case, the decision answering the certified questions is the law of the case and also has the effect of issue or claim preclusion for future litigation in state court according to the ordinarily applicable rules for preclusive effect of prior decisions of a court of last resort. *In re Richards, supra,* 223 A2d at 832. We therefore are called on to decide whether we wish to have a decision of our court on the subject of the certified question or whether, on the other hand, the issue is of such limited legal consequence that it is inappropriate to take the time to produce an opinion of this court concerning it.

### 5. Issues must be contested

Yet another factor is whether the questions certified appear truly to be contested. Deciding a certified question of law undoubtedly is a valid and legislatively-authorized exercise of this court's judicial authority. On the other hand, there is no suggestion in the legislation that the legislative authorization extends to the issuance of advisory opinions. *See generally Oregon Medical Association v. Rawls,* 281 Or 293, 574 P2d 1103 (1978); *Oregon Medical Assn. v. Rawls,* 276 Or 1101, 557 P2d 664 (1976) (concerning whether the scope of judicial power extended to declaring the constitutionality of a statute that no party to the proceeding had challenged, and concluding that it did not). The full decisional effect of our answer to a certified question thus requires us to exercise some care that we accept only issues of law that truly are contested between the parties. If the issue is not contested, we normally will not accept certification.

### 6. Procedural posture of case

Our experience with cases on direct appeal or in which we are exercising our original jurisdiction has taught us that the issues and arguments in both kinds of cases often are not as well defined or as focused as are the issues and arguments in cases in which discretionary review is sought after the case has filtered through the lens of a Court of Appeals decision. That experience has made us wary of requests for decisions on interlocutory trial court matters. We would prefer that a case certified by a federal district court have progressed at least to the entry of a pretrial order before certification is sought (although a motion to dismiss, for example, might precede entry of a pretrial order and could raise issues appropriate for certification). Local Rules of Civil Practice for the United States District Court for the District of Oregon, L.R. 235-2. If a case has not progressed that far, that is a factor weighing against accepting certification.

### 7. Freedom to restate question presented

Finally, the majority rule, endorsed by the Ninth Circuit and agreeable to us, is that this court (the deciding court) has the discretion to reframe questions and is not bound to answer the question as certified. Wright & Miller § 4248 at 177-78; *Meckert v. Transamerica Ins. Co.,* 742 F2d

505, 507 (9th Cir 1984). Such discretion should be exercised with reserve, ordinarily after consultation with the certifying court, and for the primary purpose of facilitating a resolution of the actual question of law posed by the case in which certification is sought. We have, in fact, followed such a course of action in the present case.

## II.

Having identified the factors, both statutory and discretionary, that will affect this court's decision to accept certification of questions under ORS 28.200 to 28.255, we turn to an examination of the case before us in the light of those factors.

The questions certified to us arise out of a products liability and wrongful death action brought in the United States District Court for the District of Oregon. All claims stem from a helicopter crash that occurred on January 16, 1986. The helicopter, owned by plaintiff Western Helicopter Services, Inc. (Western), was destroyed. Its pilot, Russell Cruse, was killed. Plaintiffs in the present case are Western, which seeks damages for the loss of its helicopter, and Edwina Cruse, the widow and personal representative of the estate of the deceased pilot, who seeks damages for her husband's death.

The original complaint was filed on December 24, 1987. It named as defendants the sellers and manufacturers of the helicopter, *viz.,* Rogerson Aircraft Corporation, Omneco, Hiller Aviation, Inc., and Morton Thiokol. The last two of those defendants have since been dismissed from the case by plaintiffs.

On February 8, 1989, plaintiffs filed an amended complaint that named several additional defendants. The amended complaint alleged theories of liability including strict liability, wrongful death, common law negligence, and breach of warranty. In both the original complaint and its amended version, the cause of the crash was alleged to be a defect in the main rotor blade fork of the helicopter.

Several defendants thereafter moved for dismissal of the wrongful death claims against them, basing their motions on this court's decision in *Eldridge v. Eastmoreland General*

*Hospital,* 307 Or 500, 769 P2d 775 (1989). In *Eldridge,* a case involving wrongful death due to medical malpractice and negligence, this court held that the statute of limitations for actions for wrongful death, ORS 30.020(1), rather than the statutes of limitations for either negligence or medical malpractice, governed such proceedings. *Id.* at 503. If ORS 30.020(1) applied, the action against the newly-added defendants was not timely. On June 24, 1989, the district court granted those motions.

Thereafter, on November 1, 1989, counsel for the decedent's estate moved for reconsideration of the district court's earlier dismissal order, relying on *Thompson v. Communications Technology, Inc.,* 877 F2d 27 (9th Cir 1989). In *Thompson,* the Ninth Circuit Court of Appeals held that the statute of limitations in Oregon's Products Liability Act, ORS 30.905(2), rather than the statute of limitations for wrongful death, governed a wrongful death claim based on products liability. *Id.* at 28. The district court granted reconsideration and reinstated the wrongful death claims against the newly-added defendants.

Still later, on March 7, 1990, the Oregon Court of Appeals decided *Korbut v. Eastman Kodak Co.,* 100 Or App 649, 787 P2d 896 (1990). That *per curiam* opinion stated:

"This is a wrongful death action based on defective product allegations. The death occurred in 1982. The action was brought in 1988. The trial court granted defendants a summary judgment on the basis of *Eldridge v. Eastmoreland General Hospital,* 307 Or 500, 769 P2d 775 (1989). We are bound by that decision.

"Affirmed."

*Id.* at 650. This court denied review in *Korbut.* 310 Or 70, 792 P2d 104 (1990).

Perceiving a conflict between the Oregon Court of Appeals decision in *Korbut* and the federal court of appeals decision in *Thompson,* the district court determined to certify to this court, pursuant to ORS 28.200, two questions that the district court believed would determine some or all of the claims against the newly-added defendants. Accordingly, on December 6, 1990, the district court certified the following two questions to this court:

"1. Does the statute of limitations for wrongful death claims set forth in ORS 30.020(1) or the statute of limitations for product liability actions set forth in ORS 30.905 apply to a wrongful death claim based on the theory of product liability?

"2. If the statute of limitations for product liability actions set forth in ORS 30.905 applies to a wrongful death claim based on the theory of product liability, is the statute of limitations tolled until the plaintiff knew or, as a reasonable person, should have known that the injury was caused by the defendant?"[7]

We now consider whether to accept certification of those questions, in light of the factors that we have outlined. The first factors to be addressed are the statutory factors.

1. The certifying court is a federal district court, which is one of the types of courts mentioned in ORS 28.200. The first requirement is met.

2. The questions presented are legal, not factual, and the facts relating to them appear to be established sufficiently to permit us to understand the questions. The second requirement is met.

3. The questions presented are questions of Oregon law. The third requirement likewise is met.

4. Depending on the answer given, the questions could be determinative of the plaintiffs' claims against certain of the defendants. The fourth requirement is met.

5. The fifth statutory requirement, *viz.,* that the certifying court believe there to be no controlling Oregon precedent, is also met, because the certifying judge apparently believes that *Korbut v. Eastman Kodak Co., supra,* is not controlling precedent.

We turn to the discretionary factors. The first applicable factor is our conclusion, contrary to that of the district

---

[7] This version of the second question actually is the product of an exchange of letters between this court and the district court. As originally formulated, the second question was:

"2. If the statute of limitations for product liability actions set forth in ORS 30.905 applies to a wrongful death claim based on the theory of product liability, does the discovery rule announced in *Dortch v. A.H. Robins Co.,* 59 Or App 310, 316-317, 650 P2d 1046 (1982) apply?"

court, that there *is* controlling precedent with respect to the first question — *Korbut v. Eastman Kodak Co., supra.* It is true that *Korbut* is an extremely brief decision from the Court of Appeals. It is also true that there is contrary precedent from the Ninth Circuit — precedent that the district court normally would follow. But the question is one of Oregon law, not federal law, the federal court's decision was the earlier of the two, and it is the Oregon court's decision — not that of the Ninth Circuit — that is binding for purposes of the certification law.[8] It follows from the foregoing that this court should not accept certification of the first question, unless some other discretionary factor dictates a contrary conclusion.

We find no factor favoring discretionary allowance of certification of the first question. The issue does not appear to be one of such general importance that we now believe that we should address it, nor is this a *Pullman*-type case in which a decision from this court will facilitate the functioning of the federal courts. We have left development of the law in this regard to the Court of Appeals and see no reason to depart from that course now.

The second question is dependent, *i.e.*, it needs to be answered only if there is one particular answer to the first question. Because following *Korbut* would not lead to that particular answer, there is no reason to accept certification of the second question, either.

We conclude that, under the limited circumstances of this case, it is inappropriate to accept certification of the two questions propounded by the United States District Court for the District of Oregon. Accordingly, certification is denied.

Certification denied.

---

[8] We recognize that the district court appears to be concerned about an inconsistency in decisions on this subject. However, our focus in searching for controlling precedent is narrower than the focus of the district court. The Oregon Court of Appeals decision in *Korbut v. Eastman Kodak Co.,* 100 Or App 649, 787 P2d 896, *rev den* 310 Or 70 (1990), is "controlling precedent" for the purposes of ORS 28.200 and our exercise of discretion under that statute.