Richard B. CRAY, Edward H. Hawes, Juliana R. Jurden, James R. Malone, Leslie Raemdonck, Loretta D. Riss, Robert B. Riss, Laura R. Schreier, Louise R. Wells, and A. Keith Weber, Plaintiffs,

v.

DELOITTE HASKINS & SELLS and Deloitte & Touche, Defendants.

No. 83974.

Supreme Court of Oklahoma.

Sept. 24, 1996.

James C. Kincaid, Harvey D. Ellis, Jr., Crowe & Dunlevy, P.C., Tulsa, James F.

Duncan, Daniel Bukovac, John K. Power, Watson & Marshall L.C., Kansas City, MO, for Plaintiffs.

James C. Lang, Sneed, Lang, Adams & Barnett, Tulsa, Jeffrey R. Tone, David D. Meyer, Sidley & Austin, Chicago, IL, David Wagner, Deloitte & Touche, L.L.P., New York City, Gary F. Bendinger, Giauque, Crockett, Bendinger & Peterson, Salt Lake City, UT, for Defendants.

Drew Neville, Linn & Neville, Oklahoma City, Louis A Craco, David P. Murray, Randy J. Branitsky, Willkie Farr & Gallagher, New York City, Richard I. Miller, General Counsel, American Institute of Certified Public Accountants, for amicus curiae, American Institute of Certified Public Accountants.

SIMMS, Justice:

The United States District Court for the Northern District of Oklahoma certified the following question to this Court pursuant to the Oklahoma Uniform Certification of Questions of Law Act, 20 O.S.1991, § 1601, et seq.:

> "Does an accountant's duty of care in preparation of an independent audit on a client's financial statements extend to persons other than the audit client, and if so, to which persons does the duty extend?"

A review of the record and the order certifying the question along with the applicable statute indicates that this matter is not properly before this Court. Therefore, we decline to answer the certified question for the reasons that follow.

Title 20 O.S.1991, § 1602 permits this Court to answer questions of law properly certified from certain courts *when those questions may be determinative of the cause before the certifying court.* It reads:

> "The Supreme Court or the Court of Criminal Appeals respectively *may* answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a United States District Court, the United States Court of International Trade, the Judicial Panel on Multidistrict Litigation, the Unit-

ed States Claims Court, the United States Court of Military Appeals, the United States Tax Court, or the highest appellate court or the intermediate appellate court of any other state, when requested by the certifying court if there are involved in any proceeding before it questions of law of this state *which may be determinative of the cause then pending* in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court or Court of Criminal Appeals of this state." (Emphasis added)

This matter arose in the trial court as a result of the plaintiffs allegedly relying on an independent audit of the financial statement of Sooner Federal Savings and Loan Association (Sooner Federal) in deciding to invest as shareholders in Sooner Federal. The plaintiffs claim, inter alia, that defendants negligently misrepresented information concerning the financial statement in the independent audit performed by defendants. Defendants moved for summary judgment claiming that plaintiffs may not bring an action against defendants for negligence in performing the independent audit because plaintiffs were not in privity with defendants. Rather, defendants assert their client, Sooner Federal, is the only party that is in privity with defendants and is the only party that is authorized to bring an action grounded on the audit.

The trial court granted summary judgment on the negligence count holding as follows: "... However, the Court concludes that Count III, sounding in negligence, must be DISMISSED. The weight of authority requires a near privity standard, or a limited group standard, § 552, Restatement (Second) of Torts, as to the scope of an auditor's duty in negligence cases. As third-party investors, Plaintiffs did not contract directly with Deloitte for auditing services. The Plaintiffs' negligence count will, therefore, be DISMISSED. Defendants' Motion for Summary Judgment is GRANTED IN PART; DENIED IN PART."

A judicial determination was made by the trial judge as to the question of the duty of care owed by an accountant who prepares an independent audit report on a client's financial statement. Plaintiffs then filed a motion to reconsider the trial court's ruling on the negligence count, *or in the alternative,* a request for the question to be certified to this Court for answer. The trial court denied the motion to reconsider but granted the motion to certify. By refusing to reconsider its previous ruling, the trial court finalized its determination on the question of the accountant's duty to third parties.

Although neither of the parties brought this to our attention, the Supreme Court is under a duty to inquire into our own jurisdiction. *Cate v. Archon,* 695 P.2d 1352 (Okla. 1985); *Dickson v. Dickson,* 637 P.2d 110 (Okla 1981). Where the question certified has been adjudicated by the certifying federal trial court, jurisdiction to review the trial court's ruling ultimately lies with the federal appellate court.

We decline to afford appellate review of a ruling made by a federal judge under the guise of a certified question of law. We are without judicial authority to either affirm or reverse the judgment of a federal court.

We further note that other courts have declined to answer certified questions. *See Greene v. Massey,* 384 So.2d 24 (Fla.1980) (response to certified question would not be determinative of the cause); *Eley v. Pizza Hut of America, Inc.,* 500 N.W.2d 61 (Iowa 1993) (because the stated facts were in conflict the certified question could be answered in a variety of ways); *Jefferson v. Moran,* 479 A.2d 734 (R.I.1984) (answering certified question would not resolve the conflict); *Grant Creek Water Works, Ltd. v. Commissioner of Internal Revenue,* 235 Mont. 1, 775 P.2d 684 (1988) (answering issue presented would not control outcome of the tax court litigation); *Western Helicopter Serv., Inc. v. Rogerson Aircraft Corp.,* 311 Or. 361, 811 P.2d 627 (1991) (question already decided by appellate court of state).

In holding that the trial court has already *determined* the question certified, we express no opinion as to the correctness of that determination. We reserve our opinion as to the duty owed by an accountant to third parties for negligence in preparing an inde-

pendent audit report on the financial statement of the accountant's client until a proper case is before this Court.

WE DECLINE TO ENTERTAIN THE QUESTION.

HODGES, LAVENDER, SIMMS, HARGRAVE, and WATT, JJ., concur.

ALMA WILSON, C.J., KAUGER, V.C.J., OPALA, and SUMMERS, JJ., dissent.

OPALA, Justice, dissenting:

I would answer the tendered question from the Federal Court. In my view, there is no impediment to our compliance with the Federal Court's request.

ALMA WILSON, C.J., KAUGER, V.C.J., and SUMMERS, J., join me in this dissent.