# United States Court of Appeals for the Federal Circuit

2007-5115

KLAMATH IRRIGATION DISTRICT, TULELAKE IRRIGATION DISTRICT, KLAMATH DRAINAGE DISTRICT, POE VALLEY IMPROVEMENT DISTRICT, SUNNYSIDE IRRIGATION DISTRICT, KLAMATH BASIN IMPROVEMENT DISTRICT, KLAMATH HILLS DISTRICT IMPROVEMENT CO., MIDLAND DISTRICT IMPROVEMENT CO., MALIN IRRIGATION DISTRICT, ENTERPRISE IRRIGATION DISTRICT, PINE GROVE IRRIGATION DISTRICT, WESTSIDE IMPROVEMENT DISTRICT NO. 4, SHASTA VIEW IRRIGATION DISTRICT, VAN BRIMMER DITCH CO., FRED A. ROBISON, ALBERT J. ROBISON, LONNY E. BALEY, MARK R. TROTMAN, BALEY TROTMAN FARMS, JAMES L. MOORE, CHERYL L. MOORE, DANIEL G. CHIN, DELORIS D. CHIN, WONG POTATOES, INC., MICHAEL J. BYRNE, DANIEL W. BYRNE, and BYRNE BROTHERS,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee,

and

PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,

Defendant-Appellee.

Roger J. Marzulla, Marzulla Law, of Washington, DC, argued for plaintiffs-appellants. With him on the brief was Nancie G. Marzulla. Of counsel was Gregory T. Jaeger.

Katherine J. Barton, Attorney, Appellate Section, Environment and Natural Resources Division, United States Department of Justice, of Washington, DC, argued for all defendants-appellees. With her on the brief for defendant-appellee United States were Ronald J. Tenpas, Acting Assistant Attorney General, and Kathryn E. Kovacs, Attorney, of Washington, DC, Kristine S. Tardiff, Attorney, of Concord, New Hampshire, and Stephen M. Macfarlane, Attorney, of Sacramento, California.

Todd D. True, Earthjustice, of Seattle, Washington, for defendant-appellee Pacific Coast Federation of Fishermen's Associations. Of counsel was Shaun A. Goho.

Walter R. Echo-Hawk, Native American Rights Fund, of Boulder, Colorado, for amicus curiae Klamath Tribes.  With him on the brief was Thomas P. Schlosser, Morisset, Schlosser, Jozwiak & McGaw, of Seattle, Washington, for amicus curiae Hoopa Valley Indian Tribe.

John Echeverria, Georgetown Environmental Law & Policy Institute, of Washington, DC, for amicus curiae Natural Resources Defense Council.  With him on the brief were Hamilton Candee and Katherine S. Poole, Natural Resources Defense Council, of San Francisco, California.

Appealed from:  United States Court of Federal Claims

Judge Francis M. Allegra

# United States Court of Appeals for the Federal Circuit

2007-5115

KLAMATH IRRIGATION DISTRICT, TULELAKE IRRIGATION DISTRICT, KLAMATH DRAINAGE DISTRICT, POE VALLEY IMPROVEMENT DISTRICT, SUNNYSIDE IRRIGATION DISTRICT, KLAMATH BASIN IMPROVEMENT DISTRICT, KLAMATH HILLS DISTRICT IMPROVEMENT CO., MIDLAND DISTRICT IMPROVEMENT CO., MALIN IRRIGATION DISTRICT, ENTERPRISE IRRIGATION DISTRICT, PINE GROVE IRRIGATION DISTRICT, WESTSIDE IMPROVEMENT DISTRICT NO. 4, SHASTA VIEW IRRIGATION DISTRICT, VAN BRIMMER DITCH CO., FRED A. ROBISON, ALBERT J. ROBISON, LONNY E. BALEY, MARK R. TROTMAN, BALEY TROTMAN FARMS, JAMES L. MOORE, CHERYL L. MOORE, DANIEL G. CHIN, DELORIS D. CHIN, WONG POTATOES, INC., MICHAEL J. BYRNE, DANIEL W. BYRNE, and BYRNE BROTHERS,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee,

and

PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in cases nos. 01-CV-591 and 01-CV-5910 through 01-CV-59125, Judge Francis M. Allegra.

Before SCHALL, BRYSON, and GAJARSA, <u>Circuit Judges</u>.

Order for the court filed by <u>Circuit Judge</u> SCHALL. Dissent from order filed by <u>Circuit Judge</u> GAJARSA.

SCHALL, <u>Circuit Judge</u>.

CERTIFICATION ORDER

This case presents the question of whether an uncompensated taking of property in violation of the Fifth Amendment to the United States Constitution has occurred. It also presents the question of whether the United States breached certain contracts in failing to provide water to various irrigation districts, companies, and individual landowners in the Klamath River Basin ("Irrigators"). In addition, it presents the question of whether the United States violated an interstate compact in failing to provide such water. The answer to the takings question depends upon complex issues of Oregon property law, including the interpretation of Oregon General Laws, Chapter 228, § 2 (1905). This court discerns an absence of controlling precedent in the decisions of the Oregon Supreme Court and the intermediate appellate courts of Oregon on the pertinent issues of Oregon property law. At the same time, this court believes that the Oregon Supreme Court would be in a better position than would this court to issue a pronouncement on the proper interpretation of the law at issue. The State of Oregon has a procedure pursuant to which this court may certify unsettled questions of state law to the Oregon Supreme Court. See Or. Rev. Stat. §§ 28.200–28.255 (2007).

Following oral argument in this case on February 8, 2008, this court decided to certify three questions of law to the Oregon Supreme Court. The questions of law pertain to the 1905 Oregon statute and its effect on the property rights of the Irrigators.

The questions of law this court hereby certifies to the Oregon Supreme Court are:

1.      Assuming that Klamath Basin water for the Klamath Reclamation Project "may be deemed to have been appropriated by the United States" pursuant to Oregon General Laws, Chapter 228, § 2 (1905), does that statute preclude irrigation districts and landowners from acquiring a beneficial or equitable property interest in the water right acquired by the United States?

2.      In light of the statute, do the landowners who receive water from the Klamath Basin Reclamation Project and put the water to beneficial use have a beneficial or equitable property interest appurtenant to their land in the water right acquired by the United States, and do the irrigation districts that receive water from the Klamath Basin Reclamation Project have a beneficial or equitable property interest in the water right acquired by the United States?

3.      With respect to surface water rights where appropriation was initiated under Oregon law prior to February 24, 1909, and where such rights are not within any previously adjudicated area of the Klamath Basin, does Oregon State law recognize any property interest, whether legal or equitable, in the use of Klamath Basin water that is not subject to adjudication in the Klamath Basin Adjudication?

Except with respect to one matter, the parties to this case have agreed to a Joint Statement of Facts pertinent to the three certified questions. By letter dated May 27, 2008, the parties have informed this court that, on account of their inability to agree on that one matter, they have submitted two versions of the Joint Statement of Facts, marked Version 1 and Version 2. The two versions are identical except that Version 1 has a paragraph 23, which Version 2 does not. The third paragraph of the May 27 letter states the nature of the difference between the parties with respect to paragraph 23. This court does not believe that the inability of the parties to agree on paragraph 23 bears upon the ability of the Oregon Supreme Court to address the three certified questions.

A copy of the parties' May 27, 2008 letter to this court and copies of Versions 1 and 2 of the Joint Statement of Facts are attached hereto. Also attached hereto is a copy of the Joint Appendix to the case filed in this court.

Section 28.210 of the Oregon Revised Statutes specifies the required contents of a certification order. It requires that a certification order contain (a) "[t]he questions of law to be answered" and (b) "[a] statement of all facts relevant to the questions certified and showing fully the nature of the controversy in which the questions arose." Id. § 28.210. We have set forth above the three questions of law to be answered. At the same time, recognizing the parties' disagreement on one matter, Versions 1 and 2 of the Joint Statement of Facts set forth the facts relevant to the questions certified and necessary to illustrate the nature of the controversy in which the questions arise. In addition to the questions certified and the facts relevant to the questions, set forth above, this court hereby acknowledges that the Oregon Supreme Court, as the receiving court, has the discretion to reframe the questions and is not bound to answer the questions as certified. See W. Helicopters Servs., Inc. v. Rogerson Aircraft Corp., 811 P.2d 627, 633–34 (Or. 1991).

The names and addresses of the counsel of record to the parties are set forth on page two of the parties' May 27, 2008 letter, a copy of which is attached hereto. To the best of this court's knowledge, there are no parties appealing in this case without counsel. The three questions set forth above are hereby certified to the Oregon Supreme Court.

So ordered.

FOR THE COURT


July 16, 2008          /s/ Alvin A. Schall
Date          Alvin A. Schall
          Circuit Judge

2007-5115          5

# United States Court of Appeals for the Federal Circuit

2007-5115

KLAMATH IRRIGATION DISTRICT, TULELAKE IRRIGATION DISTRICT, KLAMATH DRAINAGE DISTRICT, POE VALLEY IMPROVEMENT DISTRICT, SUNNYSIDE IRRIGATION DISTRICT, KLAMATH BASIN IMPROVEMENT DISTRICT, KLAMATH HILLS DISTRICT IMPROVEMENT CO., MIDLAND DISTRICT IMPROVEMENT CO., MALIN IRRIGATION DISTRICT, ENTERPRISE IRRIGATION DISTRICT, PINE GROVE IRRIGATION DISTRICT, WESTSIDE IMPROVEMENT DISTRICT NO.4, SHASTA VIEW IRRIGATION DISTRICT, VAN BRIMMER DITCH CO., FRED A. ROBISON, ALBERT J. ROBISON, LONNY E. BALEY, MARK R. TROTMAN, BALEY TROTMAN FARMS, JAMES L. MOORE, CHERYL L. MOORE, DANIEL G. CHIN, DELORIS D. CHIN, WONG POTATOES, INC., MICHAEL J. BYRNE, DANIEL W. BYRNE, and BYRNE BROTHERS,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee,

and

PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 01-CV-591, 01-CV-5910 through 01-CV-59125, Judge Francis M. Allegra.

GAJARSA, <u>Circuit Judge</u>, dissenting.

Although the majority of the panel has requested a certification of three issues to the Oregon Supreme Court, I must respectfully dissent from such a request. We need not certify the questions because of the unique procedural posture of this case, and because the answers sought, in my judgment, are not required to decide the issues

before this court. In particular, I disagree with the proposition that the effect of the 1905 Statute is a critical question with respect to the matter of certification vel non. In my judgment, the effect of the 1905 Statute is determinative as to the relative property rights of the United States and the irrigators in Klamath Basin water, that is, who owns the right to the beneficial use of the water; however, this determination has no bearing on the property interest alleged by the irrigators in this case. That is clearly the issue presented in the State of Oregon's Klamath Basin Adjudication (hereinafter "Adjudication") under Oregon Revised Statutes chapter 539. See, e.g., Brief of Amicus Curiae State of Oregon Regarding Defendant's Motion for Stay and Plaintiff's Opposition Thereto at 2–3, Klamath Irrigation Dist. v. United States, 67 Fed. Cl. 504 (2005) (No. 01-591 L) (Doc. No. 61) (hereinafter "State of Oregon Amicus Brief"). Therefore, because the claimants in this case have disclaimed any claims pending in the Adjudication, this court need not certify Questions One and Two.

At the outset, all water rights arising under Oregon law, including those affected by the 1905 Statute, may be divided into two categories—those arising before the February 24, 1909 passage of the Water Rights Act ("WRA") and those arising after. Rights arising before the passage of the WRA are undisturbed by its passage, but must be adjudicated in a general stream adjudication. Or. Rev. St. § 539.010 (especially subsection 4 relating to earlier appropriations). Indeed, in 1989 the Oregon legislature imposed a deadline for the filing of unadjudicated claims based on pre-1909 water rights. See Or. Rev. St. § 539.240 (stating that claims for undetermined vested rights must be filed by December 31, 1992). After the passage of the WRA, "any person intending to acquire the right to the beneficial use of any of the surface waters of this

2

state shall make an application to the Water Resources Department for a permit to make the appropriation." Or. Rev. St. § 537.130(1); see also Hannigin v. Hinton, 97 P.3d 1256, 1258–59 (Or. App. 2004).

The water rights alleged by the claimants in this case do not fall into either of these categories, and thus cannot be said to arise under Oregon law. With respect to the latter category, those arising post-1909, the Appellants do not allege a single vested water right arising under the permit and certificate requirement of the WRA. Cf. Or. Rev. St. §§ 537.250 (stating that appropriation is completed with issuance of certificate); 537.252 (stating the water right certificate which has not been contested becomes conclusive evidence of an appropriation). As to the former category, those arising pre-1909, all such rights are currently pending in the Adjudication. In particular, the record before the CFC demonstrates that both the State of Oregon (as an amicus in this case) and the Oregon Water Resources Department (as a participant in the Adjudication) consider the relative rights of the United States and the irrigators with respect to the right to use Klamath water to be a key issue in the Adjudication. See State of Oregon Amicus Brief at 2–3; Oregon Water Resources Department's Closing Brief on Reply at 37–41, In re the Determination of the Relative Rights of the Waters of the Klamath River, Lead Case No. 003 (Or. Water Res. Dep't July 13, 2005) (submitted as Ex. 1 to Doc. No. 242 in Klamath Irrigation, 67 Fed. Cl. 504) (discussing impact of 1905 Statute on conflicting water rights claimed by the United States and the irrigators in the Adjudication).

Moreover, additional filings in the Adjudication, and submitted by the parties on appeal to this court, clearly demonstrate that the ownership of the beneficial use of

3

Klamath project water, as informed by the effects of the 1905 Oregon Statute, is a central issue in the Adjudication. In the addendum to its Appellee Brief, the United States submitted a proposed order issued by the Administrative Judge ("AJ") in the Adjudication. See Proposed Order, In re Determination of the Relative Rights of the Water of the Klamath River, Lead Case No. 003 (Or. Water Res. Dep't Nov. 14, 2006) (hereinafter "Proposed Order"). The Proposed Order begins its Opinion section with an analysis of the 1905 Oregon Statute. Id. at 19–25. It concludes that the operation of the statute is clear and that the rights of the United States cannot be disturbed by any beneficial use of Klamath Project Water by the irrigators. Id. at 20, 23. This Proposed Order does not, of course, conclusively establish the meaning of the 1905 Oregon statute as informed by other aspects of Oregon water rights law, and indeed, the Oregon Water Resources Department ("OWRD") filed its Exceptions to the Proposed Order with the AJ in the Adjudication proceeding. Or. Water Res. Dep't's Exceptions to Proposed Order, In re Determination of the Relative Rights of the Water of the Klamath River, Lead Case No. 003 (Or. Water Res. Dep't Mar. 30, 2007) (hereinafter "Exceptions to Proposed Order"). The OWRD argued that by virtue of compliance with the 1905 statute, the United States secured a priority date in a water right that could only be converted to a vested right by application to a beneficial use. Id. at 9. The OWRD asserted that in this circumstance "the beneficial user 'holds' or 'owns' an interest in water rights appropriated pursuant thereto for the purpose of the beneficial use." Id. The position of the OWRD similarly fails to conclusively establish Oregon law on this issue, but the Adjudication filings together make clear that the AJ will decide the

4

2007-5115

exact issues sought to be addressed by the proposed certification Questions One and Two.

Certification is therefore unnecessary because the record before the Court of Federal Claims ("CFC") is clear that all state law claims to property rights in Klamath Project waters that are currently pending in the Adjudication are not presented to this court on appeal. The claimants were clear in their arguments below that the water rights which they are claiming are not the water rights which are being adjudicated in the State proceedings. This was the basis for claimants' objection to the government's motion to stay, and they subsequently filed a motion for partial summary judgment requesting a ruling that the water rights upon which their takings claims were predicated in the CFC were not the water rights subject to the Adjudication. Memorandum Supporting Plaintiffs' Revised Motion for Partial Summary Judgment at 10, Klamath Irrigation , 67 Fed. Cl. 504 (Aug. 29, 2003). The CFC granted the claimants' motion, stating as follows:

> Accordingly, plaintiffs' motion for partial summary judgment that their water interests are not property interests at issue in the Adjudication is granted and defendant's motion for a stay pending the outcome of the Adjudication is denied. Based on plaintiffs' assertion that no rights or interests in this case are affected by the Adjudication (see Plaintiff's Revised Motion for Partial Summary Judgment at 10), plaintiffs are barred from making any claims or seeking any relief in this case based on rights, titles, or interests that are or may be subject to determination in the Adjudication.

Klamath Irrigation Dist. v. United States, No. 01-591L (filed Nov. 13, 2003). This

2007-5115

holding is now the law of the case and is binding on the claimants.[1]  See, e.g., Toro Co.

v. White Consol. Indus., 383 F.3d 1326, 1337 (Fed. Cir. 2004) ("The law is well-settled;

decisions once made are not to be disregarded except for exceptional circumstances.

Such circumstances are not evident here.").

In the absence of asserting any property right based on state law, the claimants

must argue that their alleged property interest arises under federal law.  The claimants

thus argue that the Reclamation Act itself directly creates their property interest, that the

Klamath Compact gives them a right to just compensation, and that the United States

conveyed whatever property interests it had to the irrigators via homestead patent

deeds.  None of these alleged property interests require certification to the Oregon

Supreme court.  They should not be able to obtain a second opportunity to avoid the

results of their actions, and this court should not provide them with a second bite at the

apple of state law property rights in Klamath Basin Water.  For these reasons, I do not

believe that certification is proper or necessary.

---

[1]     To the extent that claimants attempt to argue that they are asserting state law property rights which are not subject to the Adjudication, Question 3 seeks to determine whether Oregon law recognizes any such category of rights.  Before this court, claimants have not clearly articulated any theory of property rights in the Klamath Basin water that is not pending in the Adjudication.  Thus, it is my view that a negative answer to Question Three, if certification is accepted by the Oregon Supreme Court, ends the inquiry as to whether the claimants can be heard to assert any state law property interest at all in this case.

6