Order for the court filed by Circuit Judge SCHALL. Dissent from order filed by Circuit Judge GAJARSA.
SCHALL, Circuit Judge.
CERTIFICATION ORDER
This case presents the question of whether an uncompensated taking of property in violation of the Fifth Amendment to the United States Constitution has occurred. It also presents the question of whether the United States breached certain contracts in failing to provide water to various irrigation districts, companies, and individual landowners in the Klamath River Basin (“Irrigators”). In addition, it presents the question of whether the United States violated an interstate compact in failing to provide such water. The answer to the takings question depends upon complex issues of Oregon property law, including the interpretation of Oregon General Laws, Chapter 228, § 2 (1905). This court discerns an absence of controlling precedent in the decisions of the Oregon Supreme Court and the intermediate appellate courts of Oregon on the pertinent issues of Oregon property law. At the same time, this court believes that the Oregon Supreme Court would be in a better position than would this court to issue a pronouncement on the proper interpretation of the law at issue. The State of Oregon has a procedure pursuant to which this court may certify unsettled questions of state law to the Oregon Supreme Court. See Or.Rev.Stat. §§ 28.200-28.255 (2007).
Following oral argument in this case on February 8, 2008, this court decided to certify three questions of law to the Oregon Supreme Court. The questions of law pertain to the 1905 Oregon statute and its effect on the property rights of the Irriga-tors.
The questions of law this court hereby certifies to the Oregon Supreme Court are:
1. Assuming that Klamath Basin water for the Klamath Reclamation Project “may be deemed to have been appropriated by the United States” pursuant to Oregon General Laws, Chapter 228, § 2 (1905), does that statute preclude irrigation districts and landowners from acquiring a beneficial or equitable proper *1378 ty interest in the water right acquired by the United States?
2. In light of the statute, do the landowners who receive water from the Kla-math Basin Reclamation Project and put the water to beneficial use have a beneficial or equitable property interest appurtenant to their land in the water right acquired by the United States, and do the irrigation districts that receive water from the Klamath Basin Reclamation Project have a beneficial or equitable property interest in the water right acquired by the United States?
3. With respect to surface water rights where appropriation was initiated under Oregon law prior to February 24, 1909, and where such rights are not within any previously adjudicated area of the Klamath Basin, does Oregon State law recognize any property interest, whether legal or equitable, in the use of Klamath Basin water that is not subject to adjudication in the Klamath Basin Adjudication?
Except with respect to one matter, the parties to this case have agreed to a Joint Statement of Facts pertinent to the three certified questions. By letter dated May 27, 2008, the parties have informed this court that, on account of their inability to agree on that one matter, they have submitted two versions of the Joint Statement of Facts, marked Version 1 and Version 2. The two versions are identical except that Version 1 has a paragraph 23, which Version 2 does not. The third paragraph of the May 27 letter states the nature of the difference between the parties with respect to paragraph 23. This court does not believe that the inability of the parties to agree on paragraph 23 bears upon the ability of the Oregon Supreme Court to address the three certified questions.
A copy of the parties’ May 27, 2008 letter to this court and copies of Versions 1 and 2 of the Joint Statement of Facts are attached hereto. Also attached hereto is a copy of the Joint Appendix to the case filed in this court.
Section 28.210 of the Oregon Revised Statutes specifies the required contents of a certification order. It requires that a certification order contain (a) “[t]he questions of law to be answered” and (b) “[a] statement of all facts relevant to the questions certified and showing fully the nature of the controversy in which the questions arose.” Id. § 28.210. We have set forth above the three questions of law to be answered. At the same time, recognizing the parties’ disagreement on one matter, Versions 1 and 2 of the Joint Statement of Facts set forth the facts relevant to the questions certified and necessary to illustrate the nature of the controversy in which the questions arise. In addition to the questions certified and the facts relevant to the questions, set forth above, this court hereby acknowledges that the Oregon Supreme Court, as the receiving court, has the discretion to reframe the questions and is not bound to answer the questions as certified. See W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp., 311 Or. 361, 811 P.2d 627, 633-34 (1991).
The names and addresses of the counsel of record to the parties are set forth on page two of the parties’ May 27, 2008 letter, a copy of which is attached hereto. To the best of this court’s knowledge, there are no parties appealing in this case without counsel. The three questions set forth above are hereby certified to the Oregon Supreme Court.
So ordered.