**Charles A. POTTER, Plaintiff–Appellant,**

v.

**Michael WASHINGTON, Defendant–Appellee.**

No. 07–35912.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.[*]

Filed April 7, 2009.

Charles Potter, Salem, OR, pro se.

Richard D. Wasserman, Esquire, Office of the Oregon Attorney General, Jeremy C. Rice, State of Oregon Department of Justice, Salem, OR, for Defendant–Appellee.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Oregon state prisoner Charles A. Potter appeals pro se from the district court's order granting summary judgment to former chair of the Oregon Board of Parole ("Board"), Michael Washington, in Potter's 42 U.S.C. § 1983 action alleging that Washington violated the Ex Post Facto Clause in determining Potter's parole eligibility date. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment. *Jones v. Blanas,* 393 F.3d 918, 926 (9th Cir.2004). We vacate and remand.

The district court did not have the benefit of the Oregon Court of Appeals's recent decision in *Fleming v. Bd. of Parole & Post–Prison Supervision,* 225 Or.App. 578, 202 P.3d 209 (2009). In light of that authority, we vacate the judgment and remand this case to the district court for reconsideration.

Potter's motion to certify state law questions to the Oregon Supreme Court is denied because there appears to be controlling precedent in the state court. *Cf. Western Helicopter Servs., Inc., v. Rogerson Aircraft Corp.,* 311 Or. 361, 811 P.2d 627, 630–31 (1991) (stating that, for the Oregon Supreme Court to accept certification, "it must appear to the certifying court that there is no controlling precedent in the decisions of this court or the Oregon Court of Appeals"). We also deny Potter's motions to take judicial notice. *See Santa Monica Food Not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 n. 2 (9th Cir.2006) (declining to take judicial notice of documents that were not relevant to the resolution of the appeal); *Flick v. Liberty Mut. Fire Ins. Co.,* 205 F.3d 386, 393 n. 7 (9th Cir.2000) ("It is rarely appropriate for an appellate court to take judicial notice of facts that were not before the district court.").

**VACATED and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

