For several reasons, we conclude that the two questions that remain and affect the Ankeny case are not subject to review on certification. In Western Helicopter Services, Inc. v. Rogerson Aircraft Corp. , 311 Or. 361, 811 P.2d 627 (1991), this court discussed various nondiscretionary statutory factors, as well as discretionary factors, to be considered when deciding to accept certification of a question pursuant to ORS 28.200. Several of those factors weigh against this court addressing the remainder of the Ninth Circuit's certified questions in this case.
First, one of the statutory factors is whether the question presented is one of Oregon law. Id. at 365, 811 P.2d 627. The second certified question, whether Oregon's second-degree **801 robbery statute is "divisible," involves a federal sentencing concept that does not turn exclusively on Oregon law.
Another factor, which we have described as "one of the most important factors-perhaps the most important one," id. at 366, 811 P.2d 627, is whether there exists Oregon precedent that addresses the certified question. Given that the only remaining aspect of the third question certified by the Ninth Circuit in this case concerns whether jury concurrence is required on particular elements of the second-degree robbery statute, we conclude that an Oregon Court of Appeals decision provides sufficient guidance as to *590 what remains of that question. See State v. Gaines , 275 Or. App. 736, 365 P.3d 1103 (2015) (jury required to concur as to what theory of second-degree robbery has been proven).
On reconsideration, the Oregon Supreme Court declines to answer the certified questions.