762 P.2d 537

Timothy Mark **JOSEPH**, et al., Plaintiffs,

v.

**PIMA COUNTY, a body politic, Defendant.**

No. CV–88–0252–CQ.

Supreme Court of Arizona.

July 14, 1988.

Michael J. Bloom, Michael J. Bloom P.C., Tucson, Ariz., Clyde F. DeWitt, Brown,

Weston & Sarno, Beverly Hills, Cal., for plaintiffs.

Stephen D. Neely, Pima Co., Charles R. Pyle, Tucson, Ariz., for defendant.

## ORDER

GORDON, Chief Justice.

The United States District Court has certified the following questions pursuant to Rule 27, Ariz.R.S.Ct., 17A A.R.S., and A.R.S. § 12–1861:

1) Does the Pima County Board of Supervisors have authority in conjunction with the Pima County Board of Health under Arizona law to enact an ordinance for purposes of public health which requires the licensing of public business establishments with criminal penalties for non-compliance?

2) Whether such an ordinance is applicable and may be enforced within the city limits of the City of Tucson.

We note from the stipulated facts that this is evidently not a case of diversity jurisdiction. Thus, the two questions certified are questions of state law, only within the district court's pendent jurisdiction because they are ancillary to federal questions removed pursuant to 28 U.S.C. § 1441.

Both Rule 27 and A.R.S. § 12–1861 give this court discretion to accept or decline questions certified by the United States District Court. While principles of comity and plain good manners militate in favor of acceptance of questions certified by the district judge, questions of policy for the state judicial system may sometimes militate in favor of a contrary conclusion.

This court does not believe that we should encourage non-diversity litigants to first remove cases to federal court only to ask the federal judge to then certify state law questions under Rule 27. More importantly, in non-diversity cases the state law question is only within the court's pendent jurisdiction, and the district judge therefore has discretion to "remand all matters not otherwise within its original jurisdiction." 28 U.S.C. § 1441(c).

We believe that absent some statement by the district judge as to the need for an expedited decision or the inadvisability of remand of state law issues, it is better policy to leave state issues to be decided in the regular course of proceedings in the state judicial system.

For the reasons stated, the court declines to accept the certified questions. The Clerk is requested to publish this order for the future guidance of the bench and bar.