SUPREME COURT OF ARIZONA

| | |
|---|---|
| MARK V. SCHEEHLE, | ) Arizona Supreme Court |
| | ) No. CV-02-0020-CQ |
| Plaintiff/Appellant, | ) |
| | ) United States Court of |
| v. | ) Appeals, 9th Circuit |
| | ) No. 00-15457 |
| JUSTICES OF THE SUPREME COURT OF | ) |
| THE STATE OF ARIZONA:  STANLEY | ) United States District |
| G. FELDMAN, CHARLES E. JONES, | ) Court |
| FREDERICK J. MARTONE, RUTH V. | ) No. CV-98-01095-SMM |
| McGREGOR, and THOMAS A. ZLAKET; | ) |
| JUDGES OF THE SUPERIOR COURT OF | ) |
| THE STATE OF ARIZONA, IN AND FOR | ) |
| THE COUNTY OF MARICOPA: | ) **O P I N I O N** |
| MICHAEL R. McVEY, ROBERT D. | ) |
| MYERS, JONATHAN H. SCHWARTZ and | ) |
| CHRISTOPHER M. SKELLY, | ) |
| | ) |
| Defendants/Appellees. | ) |
| _____ | ) |

Certified Question from
United States Court of Appeals
for the Ninth Circuit

**QUESTION ANSWERED**

_____

| | |
|---|---|
| Scheehle Law Firm, P.L.C. | Fountain Hills |
|    by   Dorothy Scheehle | |
| Attorney for Plaintiff-Appellant | |
| | |
| Mark V. Scheehle | Fountain Hills |
| *In Propria Persona* | |
| | |
| Janet Napolitano, Arizona Attorney General | Phoenix |
|    by   Patrick Irvine, Solicitor General | |
| Attorneys for Defendants-Appellees | |

_____

**V O S S**, Judge

¶1      The Ninth Circuit Court of Appeals certified the following question to this court: "Does A.R.S. § 12-133 authorize

a system of compulsory participation of attorneys in the mandatory arbitration system?"

¶2      To respond, we turn to the express language of Arizona Revised Statutes (A.R.S.) § 12-133 (Supp. 2001).  Subsection (A) states:

> The superior court, by rule of court, shall do both of the following:
>
> 1. Establish jurisdictional limits of not to exceed fifty thousand dollars for submission of disputes to arbitration.
>
> 2. Require arbitration in all cases which are filed in superior court in which the court finds or the parties agree that the amount in controversy does not exceed the jurisdictional limit.

Additionally, subsection (C) of § 12-133 provides:

> The court shall maintain a *list of qualified persons within its jurisdiction who have agreed to serve as arbitrators*, subject to the right of each person to refuse to serve in a particular assigned case and subject further to the right of any party to show good cause why an appointed arbitrator should not serve in a particular assigned case.  The court rules shall provide that the case subject to arbitration shall be assigned for hearing to a panel of three arbitrators, or in the alternative, to a single arbitrator, each of whom shall be selected by the court.

(Emphasis added.)[1]

---

[1]To further implement the arbitration system, this Court enacted Uniform Rules of Procedure for Arbitration, which are now embodied in the Arizona Rules of Civil Procedure.  Rule 73(b) of the latter provides in part:  "Except as the parties may stipulate . . ., the arbitrator shall be appointed . . . from a list, as provided by local rule, of persons which may include the following:  (1) all residents of the county . . . who, for at least four years, have been active members of the State Bar of Arizona."

**¶3**       To determine whether subsection (C) authorizes this Court to *require* attorneys to act as arbitrators, "[i]n the absence of ambiguous statutory language or manifest legislative intent to the contrary, [we] should look to the plain meaning of the words as enacted." *Ariz. Dep't of Revenue v. Dougherty*, 200 Ariz. 515, 518, ¶ 9, 29 P.3d 862, 865 (2001); *see also State v. Thompson*, 200 Ariz. 439, 440, ¶ 6, 27 P.3d 796, 797 (2001) (when statutory language is clear, "it is determinative" of construction); *Rineer v. Leonardo*, 194 Ariz. 45, 46, ¶ 7, 977 P.2d 767, 768 (1999) (best indication of a statute's meaning is its language); *Kriz v. Buckeye Petroleum Co.*, 145 Ariz. 374, 377, 701 P.2d 1182, 1185 (1985)(statute's words are foremost guide to interpretation).

**¶4**       Both sides of this controversy agree, as do we, that the plain language of A.R.S. § 12-133(C) fails to confer authority to demand that attorneys serve as arbitrators.  The statute does require the superior court to keep a list "of qualified persons . . . who have agreed to serve as arbitrators."  Nothing in these words suggests that all arbitrators must be attorneys; similarly, nothing suggests that all licensed attorneys must serve as arbitrators.

**¶5**       Defense counsel nevertheless urges us to find authority for attorneys' compulsory service as arbitrators in this Court's inherent power to regulate both the practice of law and the members of the legal profession, comparing service as arbitrators to

various other forms of service demanded of attorneys. At oral argument, the parties also addressed at our request the possible impact of A.R.S. § 12-111 on the differences between A.R.S. § 12-133(C) and Arizona Rule of Civil Procedure 73(b)(1).

**¶6**        However, the question posed to this Court is narrow and specific. As this court has previously stated, "[w]e respond solely to the narrow question[] certified to us." *Union Transportes v. City of Nogales*, 195 Ariz. 166, 172, ¶ 29, 985 P.2d 1025, 1031 (1999). Restraining ourselves from venturing an opinion on whether or not other authority supports a rule imposing upon active members of the Bar mandatory service as arbitrators, we answer the question posed as follows: A.R.S. § 12-133 does *not* authorize a system obliging attorneys who are active members of the State Bar to serve as arbitrators.

**¶7**        One of our dissenting colleagues contends that we should vacate the order accepting the certified question because the question cannot resolve all state law issues, such as whether other possible sources of authority for mandatory attorney service exist. We do not refuse to answer a certified question simply because we can conceive a broader question that the Court of Appeals could have posed but did not. For this Court to answer a certified question, A.R.S. § 12-1861 (1994) requires only that the certified question "may" be determinative of the cause. Given both this statutory language and its purpose, we construe "may" in its usual

4

sense as a permissive term, *see Crum v. Maricopa County*, 190 Ariz. 512, 514-15, 950 P.2d 171, 173-74 (App. 1997), and decline to second-guess the Court of Appeals on whether the question certified will be case-determinative. Our interpretation of the certification statute, which is derived from the Uniform Certification of Questions of Law Act (1967), is consistent with that of most other state supreme courts. The Oregon Supreme Court, for example, has held that an answering court's decision should "in one or more of the forms it could take, have the *potential* to determine at least one claim in the case." *W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 811 P.2d 627, 630 (Or. 1991)(emphasis added). That court expressly rejected the Wyoming court's "extraordinary interpretation" that unless the state law question was totally determinative of the outcome of the case, the state court would decline to answer a certified question. *Id.* n.4.

¶8        Further, although we find the statutory meaning plain, that alone is not sufficient reason to refuse to answer a question posed by a federal court if that court finds the issue unclear. *See Torres v. Goodyear Tire & Rubber Co.*, 163 Ariz. 88, 90, 786 P.2d 939, 941 (1990) (state court will strive to respond affirmatively to certification request when the federal court may otherwise be left to speculate on the answer); *see also Arizonans for Official English*, 520 U.S. 43, 76 (1997)(lower federal courts

erred in failing to certify state law question because they found the language "plain").

¶9     Also in dissent, another colleague argues that the state law claims were dismissed and because Scheehle did not raise them in his federal appellate briefs, no state law claims remain viable. The Court of Appeals, of course, may exercise its discretion to address an issue not raised in an opening brief, *see, e.g., Avila v. I.N.S.*, 731 F.2d 616, 620 (9th Cir. 1984), particularly if the issue obviates a federal constitutional question.

¶10     Moreover, we are well aware of the federal courts' long-standing policy of avoiding resolution of constitutional issues and of utilizing the certified question procedure to seek clarification of a possibly dispositive state law issue. *See, e.g., Arizonans for Official English*, 520 U.S. at 76-77 (certification of novel, unsettled state law question should be used to avert possible constitutional issue); *Elkins v. Moreno*, 435 U.S. 647, 661, 662 (1978) (declining to decide unnecessary federal constitutional question and *sua sponte* certifying potentially dispositive state law issue not raised below); *Belotti v. Baird*, 428 U.S. 132, 147-48 (1976) (federal court should abstain if an unconstrued state statute could reasonably be interpreted by that state's courts to avoid or modify federal constitutional adjudication).

¶11     The very fact that the Court of Appeals certified this question, over the parties' objections, after withdrawing its

6

published opinion in this case, and in lieu of abstaining altogether, certainly implies that it is interested in addressing the state law question. Accordingly, we leave the next step in this process in the able hands of the Ninth Circuit judges.

¶12 For all of the above reasons, we choose to answer the narrow and specific question asked.

_____

EDWARD C. VOSS, Judge[2]

CONCURRING:

_____

JOHN C. GEMMILL, Judge

_____

TOM C. COLE, Judge

**L A N K F O R D**, Judge, Dissenting

¶13 I respectfully dissent. We should vacate the order accepting the certified question[3] and decline to answer it.

_____

[2] Pursuant to Article 6, Section 3, of the Arizona Constitution, and the Arizona Supreme Court Order filed on March 20, 2002, the Honorable Edward C. Voss, Susan A. Ehrlich, John C. Gemmill, and Jefferson L. Lankford, Judges of the Arizona Court of Appeals, Division One, Phoenix; and the Honorable Tom C. Cole, Presiding Judge, Yuma County Superior Court, were designated to sit on this case until its final determination.

[3] State courts may vacate orders accepting certified questions from federal courts. *See, e.g., Retail Software Servs., Inc. v.*

7

Additional review following acceptance of the certified question made it clear that our response to that question is unnecessary.

¶14     The question presented is not one that requires our assistance in answering it. Although no published Arizona cases interpret it, A.R.S. § 12-133 is plain on its face. The majority interprets it by looking to the "plain meaning" of "clear" language, a simple task that can be performed just as well by a federal court. An issue involving an unambiguous state statute should not be certified. *Bi-Rite Enters., Inc. v. Bruce Miner Co.*, 757 F.2d 440, 443 n.3 (1st Cir. 1985).[4] *See also Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 236-37 (1984) (unambiguous state statute does not support federal abstention); *Wisconsin v. Constantineau*, 400 U.S. 433, 439 (1971) ("Where there is no ambiguity in the state statute, the federal court should not

---

*Lashlee*, 525 N.E.2d 737 (N.Y. 1988) (vacating acceptance order when "answer would not be meaningful, let alone dispositive of the cause"). *See generally* 5 Am. Jur. 2d *Appellate Review* § 979 (1995) (citing examples of improvidently granted certification).

[4] Of course, if the question should not have been certified by the federal court in the first instance, the state court is under no obligation to answer it. *See White v. Edgar*, 320 A.2d 668, 674 and n.10 (Me. 1974). Acceptance of certified questions is discretionary with the state court. *See* A.R.S. § 12-1861 (Arizona Supreme Court "may" answer certified questions); *Joseph v. Pima County*, 158 Ariz. 250, 251, 762 P.2d 537, 538 (1988) (declining to answer and stating: "Both Rule 27 [Rules of the Arizona Supreme Court] and A.R.S. § 12-1861 give this court discretion to accept or decline questions certified . . . ."); Ariz. R. Sup. Ct. 27 cmt. ("[T]he decision whether or not to answer the questions certified is discretionary.").

abstain but should proceed to decide the federal constitutional claim.").

¶15    Moreover, our answer cannot resolve either the state or federal claims because it does not include all state law issues in the case.  As the majority notes, the question presented to us is "narrow and specific" and does not include whether the Arizona arbitration system is authorized by sources of law other than A.R.S. § 12-133.   Thus, no possibility exists that either the state-law claim -- that the arbitration system is not authorized by state law -- or the federal constitutional claims could be resolved by an opinion on a single aspect of the state claims. Consequently, the question presented does not appear to meet the requirement of A.R.S. § 12-1861 that it "may be determinative of the cause" in federal court. *See W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp.* 811 P.2d 627, 630 (Or. 1991) (state court's "decision must, in one or more of the forms it could take, have the potential to determine at least one claim in the case.").[5]

¶16    Nor are any state-law claims presently part of this case. Those claims were dismissed by the United States District Court and Scheehle expressly acknowledged on appeal that the dismissal order

---

[5] Some courts view the "cause" as constituting at least one claim.  *E.g., W. Helicopter Servs.,* 811 P.2d at 630.   Others interpret the term as requiring that the certified question have the potential of disposing of the entire case.  *E.g., Patel v. United Fire & Cas. Co.*, 80 F. Supp. 2d 948, 954-55 (N.D. Ind. 2000) (citing cases).  In either case, an opinion which cannot resolve any claim fails to meet this requirement.

9

was correct and expressly abandoned his state-law claims. *See* 28 U.S.C. § 1367(c) (state-law claims under supplemental jurisdiction may be dismissed by district court); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (state claims should be dismissed when, as here, federal claims are dismissed prior to trial); *O'Connor v. Nevada*, 27 F.3d 357, 362 (9th Cir. 1994) (fact that federal claims are dismissed prior to trial justifies dismissal of state claims); *Parker & Parsley Petroleum v. Dresser Indus.*, 972 F.2d 580, 589 (5th Cir. 1992) (district court abuses its discretion if it fails to dismiss state claims following pretrial dismissal of federal claims). While federal courts are undoubtedly desirous of averting federal constitutional questions by relying on state law grounds, the elimination of the state claim diminishes the need for the state court to speak on the matter.[6]

---

[6] To make a rather long story short, the core purpose of the certification procedure is to avoid the difficulties presented by *Pullman* abstention. *See* Prefatory Note, Uniform Certification of Questions of Law Act; John B. Corr & Ira P. Robbins, *Interjurisdictional Certification and Choice of Law*, 41 Vand. L. Rev. 411, 415-16 (1988); Jessica Smith, *Avoiding Prognostication and Promoting Federalism: The Need for an Inter-Jurisdictional Certification Procedure in North Carolina*, 77 N.C. L. Rev. 2123, 2136-37 (1999); *see also Arizonans for Official English v. Ariz.*, 520 U.S. 43, 75-76 (1997)("Certification today covers territory once dominated by a deferral device called '*Pullman* abstention'. . . . [T]he *Pullman* mechanism remitted parties to the state courts for adjudication of the unsettled state-law issues. . . ."). *See generally R.R. Comm'n v. Pullman Co.*, 312 U.S. 496 (1941). However, this case is not subject to abstention because the state-law claims were dismissed.

¶17    For these reasons, I believe that we should vacate the order accepting the certified question.

                                    _____
                                    JEFFERSON L. LANKFORD, Judge


**E H R L I C H**, Judge, Dissenting

¶18    I am of the opinion that the court should exercise its discretion and not answer the certified question.  *See* ARIZ. REV. STAT. ("A.R.S.") § 12-1861 (1994)(Arizona Supreme Court "may" answer certified question); *Joseph v. Pima County*, 158 Ariz. 250, 251, 762 P.2d 537, 538 (1988)("Both [Rule of the Arizona Supreme Court] 27 and A.R.S. § 12-1861 give this court discretion to accept or decline questions certified ... .").  Not only do I agree with the reasons expressed by Judge Lankford, which I will not reiterate, but I hold this belief as a matter of federal-state comity because the state-law claims were dismissed by the United States District Court and abandoned on appeal by Scheehle.  Therefore, I respectfully dissent.

¶19    The state-law claims had been included in Scheehle's federal complaint as permitted by the United States District Court's "supplemental" or "pendent" jurisdiction.  Pursuant to this doctrine, "a plaintiff bringing a claim based on federal law could join additional state-law claims against the same defendant, if the additional claims arose from a common nucleus of facts."  17A JAMES

11

WM. MOORE *ET AL.*, MOORE'S FEDERAL PRACTICE § 120.11[2][c][iii][D] (3<sup>d</sup> ed. 1997); *see* 28 U.S.C. § 1367(a)(2000) (recognizing "supplemental jurisdiction" over state claims that "form part of the same case or controversy" as the federal claims). However, pendent state-law claims may be dismissed by the district court in certain circumstances, 28 U.S.C. § 1367(c), and, after the district court resolved the federal claims in this case, it did dismiss the state-law claims.

¶20        Scheehle did not challenge on appeal the dismissal of his state-law claims. Rather, he accepted that such dismissal was within the discretion of the district court, and he explicitly chose not to pursue those claims with the United States Court of Appeals.

¶21        There exists, then, only the most theoretical possibility that the court of appeals would exercise its jurisdiction[7] and then reverse the discretionary decision of the district court to dismiss the state-law claims for the appellate purpose of deciding abandoned state-law issues. Indeed, at least one federal circuit court of appeals considers itself lacking jurisdiction over a pendent state-law claim when it affirms the dismissal of a federal claim. *See Castellano v. Bd. Of Trustees*, 937 F.2d 752, 758 (2<sup>d</sup> Cir. 1991).

---

[7]  Jurisdiction rests on the notice of appeal, which merely identified the district court's order, although that order included the dismissal of the state-law claims.

12

¶22     This theoretical possibility becomes all the more remote when the extensive quality of the district court order is considered.  The statute authorizing pendent jurisdiction, 28 U.S.C. § 1367(c), gives the district court the discretion to dismiss a state-law claim when that "claim raises a novel or complex issue of state law ... or ... the district court has dismissed all claims over which it has original jurisdiction." Either factor may justify dismissal, but the district court found in this case that both were present.  The United States Supreme Court has stated in similar circumstances that the fact that the federal claims were dismissed before trial dictates that the state-law claims should be dismissed also.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  *See Parker & Parsley Petroleum v. Dresser Indus.*, 972 F.2d 580, 588-89 (5th Cir. 1992).

¶23     Given the procedural and practical posture of this case, it is neither likely nor appropriate that the United States Court of Appeals resolve issues of state law so complex that the question was certified to the Arizona Supreme Court.  Accordingly, if there are in fact no state-law claims that need be decided by the court of appeals, we similarly need not and should not answer the certified question.


_____
SUSAN A. EHRLICH, Judge

13