EHRLICH, Judge,
Dissenting.
¶ 18 I am of the opinion that the court should exercise its discretion and not answer the certified question. See Ariz.Rev.Stat. (“A.R.S.”) § 12-1861 (1994)(Arizona Supreme Court “may” answer certified question); Joseph v. Pima County, 158 Ariz. 250, 251, 762 P.2d 537, 538 (1988)(“Both [Rule of the Arizona Supreme Court] 27 and A.R.S. § 12-1861 give this court discretion to accept or decline questions certified____”). Not only do I agree with the reasons expressed by Judge Lankford, which I will not reiterate, but I hold this belief as a matter of federal-state comity because the state-law claims were dismissed by the United States District Court and abandoned on appeal by Scheehle. Therefore, I respectfully dissent.
¶ 19 The state-law claims had been included in Scheehle’s federal complaint as permitted by the United States District Court’s “supplemental” or “pendent” jurisdiction. Pursuant to this doctrine, “a plaintiff bringing a claim based on federal law could join additional state-law claims against the same defendant, if the additional claims arose from a common nucleus of facts.” 17A James Wm. Moore et al., Moore’s Federal Practice § 120.11[2][c][iii][D] (3d ed.1997); see 28 U.S.C. § 1367(a)(2000) (recognizing “supplemental jurisdiction” over state claims that “form part of the same ease or controversy” as the federal claims). However, pendent state-law claims may be dismissed by the district court in certain circumstances, 28 U.S.C. § 1367(e), and, after the district court resolved the federal claims in this ease, it did dismiss the state-law claims.
¶ 20 Scheehle did not challenge on appeal the dismissal of his state-law claims. Rather, he accepted that such dismissal was within the discretion of the district court, and he explicitly chose not to pursue those claims with the United States Court of Appeals.
¶ 21 There exists, then, only the most theoretical possibility that the court of appeals *525 would exercise its jurisdiction[7] and then reverse the discretionary decision of the district court to dismiss the state-law claims for the appellate purpose of deciding abandoned state-law issues. Indeed, at least one federal circuit court of appeals considers itself lacking jurisdiction over a pendent state-law claim when it affirms the dismissal of a federal claim. See Castellano v. Bd. Of Trustees, 937 F.2d 752, 758 (2d Cir.1991).
¶ 22 This theoretical possibility becomes all the more remote when the extensive quality of the district court order is considered. The statute authorizing pendent jurisdiction, 28 U.S.C. § 1367(c), gives the district court the discretion to dismiss a state-law claim when that “claim raises a novel or complex issue of state law ... or ... the district court has dismissed all claims over which it has original jurisdiction.” Either factor may justify dismissal, but the district court found in this case that both were present. The United States Supreme Court has stated in similar circumstances that the fact that the federal claims were dismissed before trial dictates that the state-law claims should be dismissed also. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). See Parker & Parsley Petroleum v. Dresser Indus., 972 F.2d 580, 588-89 (5th Cir.1992).
¶23 Given the procedural and practical posture of this case, it is neither likely nor appropriate that the United States Court of Appeals resolve issues of state law so complex that the question was certified to the Arizona Supreme Court. Accordingly, if there are in fact no state-law claims that need be decided by the court of appeals, we similarly need not and should not answer the certified question.

. Jurisdiction rests on the notice of appeal, which merely identified the district court’s order, although that order included the dismissal of the state-law claims.